UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | LESLIE FARMER,<br>an individual,<br><br>Plaintiff, | )<br>)<br>)<br>)<br>) |
| v. | | )<br>) |
| 1) | PROGRESSIVE INSURANCE<br>COMPANY [SIC],<br>a foreign for profit business, | )<br>)<br>)<br>) |
| 2) | PROGRESSIVE SPECIALTY<br>INSURANCE AGENCY, INC.,<br>a foreign for profit business, | )<br>)<br>)<br>) |
| 3) | PROGRESSIVE GROUP OF<br>INSURANCE COMPANIES [SIC],<br>a foreign for profit business, | )<br>)<br>)<br>) |
| 4) | PROGRESSIVE DIRECT GROUP<br>OF INSURANCE COMPANIES [SIC],<br>a foreign for profit business,<br><br>Defendants. | )<br>)<br>)<br>)<br>) |

Case No.:  16-cv-374-GKF-FHM
(*formerly Tulsa County District
Court, Case No. CJ-2016-1998*)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Progressive Specialty Insurance

Agency, Inc. ("Progressive Specialty")[1], hereby removes the above-captioned action from the District

Court of Tulsa County, State of Oklahoma, to this Court.  Pursuant to LCvR 81.2, a copy of the state

---

[1]Progressive Specialty disputes that it is a proper party to this lawsuit.  Progressive Specialty is not
an insurer licensed to transact insurance in the State of Oklahoma and did not enter into an insurance contract
with Plaintiff.  As discussed below, Plaintiff entered into an insurance contract with Progressive Northern
Insurance Company.  Progressive Specialty, through its counsel, has brought this to Plaintiff's attention and
requested Plaintiff file an amended petition to name the real party defendant in interest.  However, Plaintiff
failed to respond.  Accordingly, Progressive Specialty will be filing a Motion for Judgment on the Pleadings.

court docket sheet as well as all documents filed or served in the state court action are attached hereto as **EXHIBITS 1-5**.

The removal of this case to federal court is based on the following:

<u>**ALLEGED FACTUAL BACKGROUND**</u>

1.      Plaintiff, Leslie Farmer, ("Plaintiff"), alleges that she was involved in an automobile accident with a third-party driver on or about September 26, 2008. (*See* Petition, ¶ 2, **EXHIBIT 2**.)

2.      Plaintiff alleges at the time of the subject accident, the vehicle she was operating was insured under a policy issued by the named Defendants.  Plaintiff further alleges that the policy provided underinsured motorist ("UIM") coverage in the amount of $250,000.00 per person/ $500,000.00 per incident.  (*See* Petition, ¶ 3, **EXHIBIT 2**.)

3.      However, Plaintiff's vehicle was actually insured under an insurance policy issued by non-party Progressive Northern Insurance Company.  (*See* Declarations Page, Progressive Northern Insurance Company Policy No. 19338978-3, **EXHIBIT 6**.)  In fact, Progressive Insurance Company, Progressive Group of Insurance Companies and Progressive Direct Group of Insurance Companies could not have insured Plaintiff's vehicle as they are non-existent business entities.

4.      According to Plaintiff, due to a third-party driver's negligence, she sustained personal injuries, pain and suffering, permanent impairment and injury, incurred medical expenses and will incur  future medical expenses.  (*See* Petition, ¶ 4, **EXHIBIT 2**.)

5.      Plaintiff claims that, at the time of the subject accident, the third-party driver was underinsured, and therefore, she is entitled to UIM benefits under the subject policy.  (*See* Petition, ¶ 5, **EXHIBIT 2**.)

6.      It is undisputed that at the time of the accident, the third-party driver had an automobile insurance policy providing liability coverage in the amount of $50,000.00 per person.

7.      Plaintiff alleges that she submitted an UIM claim to the named Defendants and that her claim was denied on February 23, 2016.  (*See* Petition, ¶ 7, **EXHIBIT 2**.)

8.      Plaintiff claims Defendants' denial of her claim constituted a breach of contract and was done in bad faith.  (*See generally* Petition, **EXHIBIT 2**.)

9.      On May 26, 2016, Plaintiff filed suit against Defendants in the District Court for Tulsa County, State of Oklahoma.  (*See generally* Petition, **EXHIBIT 2**.)

10.     On or about May 31, 2016, Plaintiff purportedly served Progressive Specialty through the Oklahoma Insurance Department.[2]  (*See* Return of Service Documents, dated May 31, 2016, **EXHIBIT 3**.)

11.     To date, Plaintiff has not obtained service on the other named defendants.  (*See* OSCN Docket Sheet, **EXHIBIT 1**.)

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

12.     "'Federal courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'"  *Rasul v. Bush*, 542 U.S. 466 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).  For a federal court to have original jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

13.     At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated. (*See generally* Petition, **EXHIBIT 2**.)

---

[2]Presumably, in serving Progressive Specialty through the Oklahoma Insurance Commissioner, Plaintiff was relying on 36 O.S. § 621.  However, Progressive Specialty is not a foreign insurer issuing policies in Oklahoma and has not appointed the Oklahoma Insurance Commissioner as its statutory agent.

14.     However, as of the moment Plaintiff filed her lawsuit, there existed diversity jurisdiction.  As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this action is a civil action over which this Court has original jurisdiction.  It is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

15.     Upon information and belief, at the time of filing, Plaintiff was a resident and citizen of the State of Oklahoma.  (*See* Petition, ¶ 1, **EXHIBIT 2**; Declarations Page for Progressive Northern Policy No. 901932836, **EXHIBIT 6**.)  Plaintiff was not a citizen of the State of Ohio.  *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).

16.     Plaintiff's Petition names Progressive Insurance Company, Progressive Specialty Insurance Agency, Inc., Progressive Group of Insurance Companies and Progressive Direct Group of Insurance Companies as the defendant insurers.  (*See generally*, Petition, **EXHIBIT 2**.)

17.     However, Progressive Insurance Company, Progressive Group of Insurance Companies and Progressive Direct Group of Insurance Companies are non-existent entities.  Thus, the Court may properly disregard these entities for purposes of complete diversity of citizenship.  *Davis v. OneBeacon Ins. Group.*, 721 F.Supp.2d 329, 337 (D.N.J. 2010) ("'[A] defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, **nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship**.'"  *Newsom v. Caliber Auto Transfer of St. Louis, Inc.*, 2009 WL 4506298, at *2, 2009 U.S. Dist. LEXIS 110706, at *4 (S.D. Ill. Nov. 26, 2009).  Because the court concludes, based on the record before it, that OneBeacon is a non-existent entity, removal to this Court need not depend upon OneBeacon's participation, consent or citizenship.");  *See also Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (noting that district court denied motion to remand because

named defendant "was only a trade name and not a legal entity"); *Schwartz v. CNA Ins. Co.*,1:04CV1749, 2005 WL 3088570, at *4 (N.D. Ohio Nov. 17, 2005) (denying motion to remand because named defendants were trade names for conglomerate of insurance companies and real parties in interest were insurance companies identified in insurance contracts).

18.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State by which it has been incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

19.     At the time of filing, Progressive Specialty, was a foreign corporation, incorporated under the laws of the State of Ohio with its "nerve center" or "principal place of business" in Ohio. (*See* Corporation Details from Ohio Secretary of State, **EXHIBIT 7**.) Thus, Progressive Specialty was deemed to be a citizen of the State of Ohio.  Progressive Specialty was not a citizen of the State of Oklahoma.

20.     As Plaintiff and Defendants are citizens of different states, the complete diversity requirement of 28 U.S.C.§ 1332 is met.

**THE AMOUNT IN CONTROVERSY EXCEEDS THAT
REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION**

21.     Diversity jurisdiction also requires the amount in controversy to exceed $75,000.00. *See* 28 U.S.C. § 1332.  This requirement is also met.

22.     Plaintiff's Petition, on its face, places in excess of $30,000.00 at issue.[3]  However, it is well recognized that a plaintiff "should not be permitted to ostensibly limit their damages to avoid federal court only to receive an award in excess of the federal amount in controversy requirement." *Morgan v. Gay*, 471 F.3d 469, 477 (3d Cir. 2006).  In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the Unites States Supreme Court held that "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."135 S.Ct. 547, 553 (2014); *see also Coco-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*, 198 F.Supp.2d 1280, 1285 (D.Kan. 2002); *Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp.*, No. 04-6154, 149 Fed.Appx. 775, 776 (10th Cir. September 8, 2005) (unpublished) (stating removal is proper if the defendant identifies "allegations in the petition establishing the amount in controversy or 'set forth in the notice of removal itself, the '*underlying facts*' supporting [the] assertion that the amount in controversy exceeds $50,000.00 [now $75,000.00].'").

23.     As the United States District Court for the Western District of Oklahoma has explained, "the United States Supreme Court made it clear that 'a defendant's notice of removal need include only a short and plain statement with a plausible allegation that the amount in controversy

---

[3]Plaintiff's Petition does not comply with Oklahoma's Pleading Code.  Title 12 O.S. § 2008 provides in pertinent part:

> Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code, except in actions sounding in contract.  **Every pleading demanding relief for damages in money in an amount that is required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code or less shall specify the amount of such damages sought to be recovered.**

12 O.S. § 2008(2) (emphasis added).

exceeds the jurisdictional threshold,' and need not contain any evidentiary submissions." *Whisenant v. Sheridan Production Co., LLC*, No. CIV-15-81-M, 2015 WL 4041514 at *2 (W.D. Okla. Jul. 1, 2015); *see also Aulestia v. Nutek Disposables, Inc.*, No. 14-CV-769-JED-FHM, 2015 WL 632073, at *3 (N.D. Okla. Feb. 13, 2015) ("It is seemingly simple for plaintiff to state that she seeks damages in excess of, or not in excess of, the amount required for diversity jurisdiction, as she was statutorily required to do under Okla. Stat. Tit. 12, §§ 2008 and 2009, but she has not done so.").

24.     If the plaintiff contests the defendant's allegation concerning the amount in controversy, "28 U.S.C. § 1446(c)(2)(B) instructs that '[R]emoval is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by a preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*, 135 S.Ct. at 553-54 (quoting 28 U.S.C. § 1446(c)(2)(B)).  When a plaintiff challenges the amount in controversy alleged by the defendant, "both sides submit proof and the court decides" whether the requirement has been satisfied. *Id.* at 554.

25.     Here, although Plaintiff's Petition does not explicitly state she is seeking in excess of $75,000.00, it is clear that the amount in controversy exceeds that required for diversity jurisdiction.

26.     Plaintiff claims that the third-party driver was underinsured at the time of the accident.  It is undisputed that the third-party driver had liability coverage in the amount of $50,000.00.  As such, it appears that Plaintiff believes her claim for personal injuries is worth in excess of $50,000.00.

27.     Further, as the Court is well aware, awards in lawsuits for unspecified amounts of damages, when concerning bad faith claims, frequently exceed the sum and value of $75,000.00, exclusive of interest and costs.

28.     Further still, Plaintiff has asserted a claim for punitive damages against Defendants. (*See* Petition, ¶ 12, **EXHIBIT 2**.)  When punitive damages are alleged, the Court may consider those damages in determining whether the requisite amount in controversy exists.  The Seventh Circuit has explained:

> [w]here punitive damages are required to satisfy the jurisdictional amount in a diversity case, a two-part inquiry is necessary.  The first question is whether punitive damages are recoverable as a matter of state law.  If the answer is yes, the court has subject matter jurisdiction unless it is clear "beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount."

*Del Vecchio v. Conseco, Inc.*, 230 F.3d 974, 978 (7th Cir. 2000) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir. 1995)); *See also Bell v. Preferred Life Assur. Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Woodmen of World Life Ins. Soc'y v. Mangarnaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) ("[I]f punitive damages are permitted under the controlling law, the demand for such damages may be included in determining whether the jurisdictional amount is satisfied."); *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991) (holding that under a specific Georgia punitive damages statute it was possible for a jury to award an amount above the minimum amount in controversy requirement, and therefore, federal jurisdiction existed); *Kahal v. J.W. Wilson & Associates, Inc.*, 673 F.2d 547, 548 (D.C. Cir. 1982) ("A Court must consider claims for both actual and punitive damages in determining jurisdictional

amount."); *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408 at *3 (W.D. Okla. Nov. 16, 2009); *Flowers v. EZPawn Okla., Inc.*, 307 F.Supp.2d 1191, 1198 (N.D. Okla. 2004).

29.     Punitive damages have been alleged and are allowed by state law.  *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1105 (Okla. 2005) ("As applicable to this case, 23 O.S. 2001, § 9.1 provides that a jury may award punitive damages if it finds, by clear and convincing evidence, that an insurer has reclessly disregarded its duty to deal fairly and act in good faith with its insured [§ 9.1(B)] or an insurer has intentionally and with malice breached said duty. § 9.1(C)(2).")  Therefore, as stated in *Del Vecchio*, the question is whether "it is clear beyond a legal certainty that the plaintiff would **under no circumstances** be entitled to recover the jurisdictional amount."  230 F.3d at 978 (emphasis added, internal quotations omitted). The answer to this question *must* be no.

30.     In Oklahoma, punitive damages are controlled by statute.  *See* 23 O.S. § 9.1.  There are three categories of punitive damages.  Each category increases the amount a plaintiff can potentially recover.  Plaintiff's Petition alleges facts that implicates at least Category I Punitive Damages.  Category I punitive damages allows a jury upon finding that "the defendant has been guilty of reckless disregard for the rights of others" to award punitive damages in an amount not to exceed the greater of $100,000.00, or the amount of actual damages awarded.  23 O.S. § 9.1(B).

31.     This Court's recent Order in *Singleton v. Progressive Direct Insurance Company*, 49 F.Supp.3d 988 (N.D. Okla. 2014), is particularly instructive.  In that case, the plaintiff was involved in an automobile accident and sought UM/UIM benefits from her insurer.  The plaintiff submitted a claim to her insurer and demanded policy limits.  *Id.* at 990.  After investigating and evaluating her claim, the plaintiff's insurer tendered the policy limits of her UM/UIM coverage.  *Id.*  Despite the tender of policy limits, the plaintiff filed a petition in Tulsa County District Court alleging claims for breach of contract and bad faith.  *Id.*  The plaintiff also sought punitive damages.  As in this case,

the plaintiff did not make a demand for a specific sum. *Id.* Instead, the plaintiff alleged that she

suffered damages in excess of $10,000.00. *Id.*

32.     When the plaintiff continued to pursue her claims against her insurer, the insurer

timely removed the action to this Court. The insurer asserted the plaintiff's policy limits demand

combined with her request for punitive damages demonstrated to a preponderance of the evidence

that she sought to recover in excess of $75,000.00. *Id.* at 993. The plaintiff moved to remand the

case. The Court denied the plaintiff's motion. *Id.* at  993-94. In doing so, the Court concluded:

> Considering the petition and notice of removal together, the court
> finds that [the insurer] has not merely offered a "conclusory
> statement" involving punitive damages, but has affirmatively
> established that the amount in controversy exceeds the jurisdictional
> limit. Where [the plaintiff] asked for actual damages exceeding
> $10,000, a punitive damages award of $65,000 or more would reach
> the jurisdictional threshold. This would require no more than a
> single-digit ratio of punitive damages to actual damages, even after
> [the insurer] deflated the denominator with a $100,000 payment just
> prior to the initiation of this action. [The plaintiff's] petition,
> meanwhile, alleges that [the insurer] failed to properly investigate her
> claim, delayed payments or withheld them altogether, and used its
> unequal bargaining position to overwhelm and take advantage of her,
> though it knew that she was entitled to receive $100,000 in UIM
> benefits under her policy. **These allegations supply the required
> facts supporting [the insurer's] assertion that <u>the value of [the
> plaintiff's] claim for punitive damages</u> exceeds the amount
> required to surpass the jurisdictional threshold.**

*Id.* at 994 (emphasis added).

33.     Here, as in *Singleton*, Plaintiff asserts claims for punitive damages. Also like the

plaintiff in *Singleton*, it appears Plaintiff has attempted to avoid this Court's jurisdiction by alleging

damages in an undisclosed amount. However, as this Court is well aware, at trial, Plaintiff clearly

intends to seek damages in excess of $75,000.00. *See Murchinson v. Progressive Northern

Insurance Co.*, 564 F.Supp 2d 1311, 1316 (E.D. Okla. 2008) ("[M]any cases are just like this one:

the plaintiff *knows* the amount sought exceeds $75,000.00. The defendant *knows* the amount sought

exceeds $75,000.00.  The court *knows* the amount sought exceeds $75,000.00.  The court *knows* that the parties themselves know it.")

34.     Progressive Specialty has demonstrated that amount in controversy exceeds $75,000.00 and Plaintiff ***could*** recover in excess of $75,000.00.

35.     Therefore, the amount in controversy is also met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

36.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  Plaintiff purportedly served Progressive Specialty with this lawsuit on June 1, 2016.  As such, 30 days have not elapsed since this action became removable to this Court.  Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on May 26, 2016, **EXHIBIT 2**.)

37.     Next, federal statute requires that none of the parties served as defendants be citizens of the state in which the action is brought.  *See* 28 U.S.C. § 1441(b).  Progressive Specialty is not a citizen of the State of Oklahoma, the state in which this action was brought.  Further, as shown above, Progressive Insurance Company, Progressive Group of Insurance Companies and Progressive Direct Group of Insurance Companies, all non-existent entities, may be disregarded for purposes of diversity jurisdiction.

38.     This action has been removed to the proper Federal District Court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the notice of removal in "the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Tulsa County, State of Oklahoma.  The Northern District of Oklahoma includes the County of Tulsa County.  *See* 28 U.S.C. § 116(a).  Therefore, removal to this Court is proper.

39.     Finally, pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been **properly joined and served** must join in or consent to the removal of the action." (emphasis added). As Progressive Insurance Company, Progressive Group of Insurance Companies and Progressive Direct Group of Insurance Companies are non-existent entities and have not been served, they need not join or consent in this removal. *See Davis*, 721 F.Supp.2d at 337.

40.     Pursuant to 28 U.S.C. § 1446(d), Progressive Specialty will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Progressive Specialty has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Tulsa County, State of Oklahoma.

WHEREFORE, Defendant, Progressive Specialty Insurance Agency, Inc, removes this action from the District Court in and for Tulsa County, State of Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:     405-606-3333
Facsimile:      405-606-3334
**ATTORNEYS FOR DEFENDANT, PROGRESSIVE SPECIALTY INSURANCE AGENCY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Amber Peckio Garrett, Esquire

I hereby certify that on June 22, 2016, I served the same document by U.S. Mail on the following who is not a registered participant of the ECF system:

Ms. Sally Howe Smith, Court Clerk
Tulsa County
500 South Denver Avenue
Tulsa, Oklahoma  74103

s/ Brad L. Roberson
For the Firm