UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LESLIE FARMER, an individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 16-cv-374-GKF-FHM |
| | ) |
| PROGRESSIVE NORTHERN | ) |
| INSURANCE COMPANY, | ) |
| a foreign for profit business, | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Leslie Farmer, by and through her attorneys of record, Garrett Law Center, PLLC, and for her cause of action against the above named Defendant alleges and states as follows:

### JURISDICTION AND VENUE

1. That the Plaintiff is a resident of Tulsa, Tulsa County, State of Oklahoma. That the Defendant is a foreign company doing business in the State of Oklahoma. That the automobile accident giving rise to this action occurred in Tulsa, Tulsa County, State of Oklahoma, thus making jurisdiction of this Court just and proper.

### COUNT I

### BREACH OF CONTRACT

2. Plaintiff alleges that on September 26, 2008, the Plaintiff was a driver involved in a motor vehicle collision with a third party driver.

3. The Plaintiff was a driver in an automobile covered by an insurance policy issued by the Defendant. That said policy of insurance included coverage for injuries caused by an uninsured/underinsured motorist for which the limits were $250,000.00 per person, and

$500,000.00 per incident. Further, that said policy was in effect and covers injuries sustained by the Plaintiff in the automobile accident that occurred on September 26, 2008.

4. As a result of a third party driver's negligent operation of a vehicle on September 26, 2008, Plaintiff has suffered injuries to her person, has incurred medical expenses, has and will endure mental and physical pain and suffering, has incurred past medical expenses, has sustained permanent impairment and injury and may incur future medical expenses.

5. That, at the time of the accident, the third party driver of other vehicle was underinsured. That pursuant to the terms of the policy of insurance with the Defendant, this is a factual situation wherein the uninsured/underinsured motorist coverage contained in said policy with Defendant applies to the accident involving Plaintiff and under-insured driver, occurring on September 28, 2008.

6. Plaintiff has requested that Defendant make a settlement under said policy, and Defendant has failed to make a reasonable offer and payment in connection with said policy. Plaintiff has performed all conditions precedent under the policy.

7. On or about February 23, 2016, Defendant denied Plaintiff of UM coverage.

8 That the Defendant has breached its contract of insurance and have wholly refused or neglected to pay Plaintiff the value of her uncompensated damages. Said failure constitutes a breach of contract of said insurance policy, and the Plaintiff is entitled to a judgement against Defendant in the amount of $250,000.00 for the personal injuries she sustained while covered by such contract, together with attorney's fees and costs.

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

For her second claim for relief, the Plaintiff, Leslie Farmer, alleges and states as follows:

9. She adopts and realleges the allegations of Count One, Paragraphs 1 through 7, as if they were fully rewritten and fully set forth herein.

10. In refusing to make the payment described, the Defendant breached their obligation to pay the amount due under the policy as stated above within a reasonable amount of time after having received notice of the loss described above. The Defendant further failed to deal fairly with the Plaintiff. The refusal of the Defendant to deal in good faith with the Plaintiff was willful and in bad faith. In so acting, the Defendant breached its implied covenant of good faith and fair dealing that it would not do anything which would injure the right of the Plaintiff to receive the full benefits of her insurance policy.

11. As a proximate result of the bad faith of the Defendant described above, the Plaintiff was forced to retain legal counsel at a substantial cost to her. Moreover, as a result of the unreasonable refusal to pay policy benefits on the part of the Defendant, the Plaintiff has suffered mental and emotional distress for which she is entitled to receive compensation in the amount in excess of $10,000.00.

12. The bad faith refusal to pay policy benefits on the part of the Defendant was grossly oppressive, wanton and willful, therefore entitling the Plaintiff to request and receive punitive damages in an amount in excess of $10,000.00.

WHEREFORE, the Plaintiff prays judgment against the Defendant for actual damages for attorney fees and for mental and emotional distress in excess of $10,000.00, as well as punitive damages in an amount in excess of $10,000.00, her costs, attorney fees, and any other relief this Court deems just and fair.

Respectfully submitted this 21st day of July, 2016.

          Respectfully submitted,

/s/ Amber Peckio Garrett
Amber Peckio Garrett, OBA No. 19908
GARRETT LAW CENTER, P.L.L.C.
Post Office Box 1349
Tulsa, Oklahoma 74101
Telephone:	918-895-7216
Facsimile:	918-895-7217
Email:	amber@garrettlawcenter.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2016, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brad L. Roberson, Esquire
Erin J. Rooney, Esquire

/s/ Amber Peckiog Garrett
For the Firm